107 F.3d 15
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Grace DORRIS, Plaintiff-Appellant,
v.
COUNTY OF WASHOE; Dianne Cornwall; Larry Beck; Gene
McDowell; Jim Shaw; Steve Bradhurst; Vincent G.
Swinney; Todd Vinger; Does 1 through
10, inclusive, Defendants-Appellees.
 No. 95-16405.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 12, 1996.*
Decided Jan. 29, 1997.
 
 Before: BROWNING, SKOPIL, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Grace Dorris' civil rights complaint under 42 U.S.C. § 1983 alleges that the County of Washoe, its commissioners, the Sheriff and a deputy sheriff violated her substantive liberty rights protected by the Due Process Clause by providing inadequate courthouse security. The district court granted the individual defendants' motion to dismiss, but upon review of the record we were not satisfied that the district court had explicitly dismissed the County of Washoe. We raised the issue of our jurisdiction sua sponte by issuing an Order to Show Cause why Dorris' appeal should not be dismissed for lack of appellate jurisdiction. The County responded, showing to our satisfaction that the district court did, in fact, dismiss the County of Washoe. We now discharge the Order to Show Cause and reach the merits of Dorris' appeal. Because Dorris' § 1983 complaint merely alleges that defendants acted negligently, we affirm.
 
 DISCUSSION
 
 3
 "Although we are obliged to presume that all factual allegations in appellants' complaint are true, we do not have to accept every allegation in the complaint as true in considering its sufficiency; rather ... we will examine whether conclusory allegations follow from the description of facts as alleged by the plaintiff." Holden v. Hagopian, 978 F.2d 1115, 1121 (9th Cir.1992) (citations and internal quotations omitted). Throughout her complaint Dorris alleges that defendants' conduct was "deliberately indifferent," "willful," "wanton," and "intentional," but the facts she pled to support those conclusions show that her complaint alleges only mere negligence. "[M]ere negligence or lack of due care by state officials does not trigger the protections of the fourteenth amendment and therefore does not state a claim under section 1983." Wood v. Ostrander, 879 F.2d 583, 587 (9th Cir.1989), cert. denied, 498 U.S. 938 (1990). Because her complaint failed to allege more than negligence, the district court did not err in finding that Dorris' complaint alleges no more than ordinary negligence. Accordingly, the motion to dismiss was properly granted.
 
 
 4
 Moreover, the district court did not abuse its discretion by refusing to allow Dorris leave to amend her complaint. After her original complaint was dismissed, Dorris filed a First Amended Complaint, which failed to cure the defects of her original complaint. The district court then reviewed a Second Amended Complaint lodged with the court, which again failed to cure the defects. Because Dorris has failed by several amended complaints to allege more than negligence, the district court did not abuse its discretion by dismissing her complaint without leave to amend.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3